**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC HENRY SALDIVAR, | No. 12-16062 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-03809-JW |
| v. | |
| MICHAEL SAYRE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

California state prisoner Eric Henry Saldivar appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Saldivar failed to establish a genuine dispute of material fact as to whether any of the defendants were deliberately indifferent in the treatment of his esophageal varices, motion sickness, and ruptured appendix. *See id.* at 1060 ("Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (a difference of opinion does not amount to deliberate indifference, unless the prisoner shows that the defendants chose a medically unacceptable course of treatment in conscious disregard of an excessive risk to the prisoner's health).

The district court did not abuse its discretion in denying Saldivar's motion for appointment for counsel because Saldivar did not demonstrate exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (setting forth the standard of review and explaining the "exceptional circumstances" requirement).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Saldivar's state law claims after dismissing his

federal claims.  *See* 28 U.S.C. § 1367(c)(3); *Tritchler v. County of Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004) (setting forth the standard of review).

**AFFIRMED.**